## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Thomas Wayne Clements

May 15, 2009

Case No. CR09-13521

By Judge J. Michael Gamble

I am writing to rule on the motion of the defendant for the appointment of an expert. In this regard, I will allow the defendant to employ Joseph C. Conley, Jr., Ph. D., a licensed clinical psychologist. I limit the fee of Dr. Conley to a maximum of $2,500. At the time payment is requested for Dr. Conley, Dr. Conley is directed to submit an itemized statement of his time and hourly rate for approval by the court.

The Supreme Court of Virginia has held that, where an indigent defendant seeks the appointment of an expert witness at the expense of the Commonwealth, the defendant must demonstrate that the subject of the expert assistance will be (1) a significant factor in his defense and (2) that he will be prejudiced by the lack of expert assistance. Further, the indigent defendant has the burden of proof to demonstrate that the services would materially assist him in the preparation of his defense and that the denial of the services would result in a fundamentally unfair trial. Also, the defendant must show a particularized need. *Husske v. Commonwealth*, 252 Va. 203, 211-12, 476 S.E.2d 920 (1996).

This defendant is classified having an IQ in the mild mental retardation range pursuant to the WISC-III and WAIS-III. The defendant has filed a motion to suppress certain statements that he made to the police in the Campbell County Sheriff's Department on June 20, 2008. The defendant maintains that these statements should be suppressed, in part, because they are not voluntary statements.

Upon consideration of the IQ level of the defendant, the court finds that the assistance of a clinical psychologist would be a significant factor in the preparation for the suppression hearing and that the defendant would be

prejudiced by the lack of such assistance. Likewise, there is a particularized need to have this assistance for the purposes of the suppression hearing.

Due to the low IQ of the defendant, a clinical psychologist may be helpful in recognizing factors in the police interview that demonstrate a sufficient lack of understanding by the defendant to make his statements to the police involuntary. Accordingly, the defendant has satisfied the burden of demonstrating that an expert would materially assist him in the preparation of his defense and that the denial of such services would be fundamentally unfair to him in his preparation for the suppression hearing.